IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MELYNDA ANN HOOD, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 25-cv-3050 |
| ZALES CORPORATION, | ) ) ) |
| Defendant. | ) |

OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendant Zales Corporation's Motion to Dismiss Plaintiff's Amended Complaint.[1] (Doc. 18). Plaintiff worked as a sales associate at Zale Corporation[2] (hereinafter "Zales"), a jewelry store, for almost 28 years until the interim district manager told her over the phone that she was fired for stealing store merchandise—an allegation she disputes. Plaintiff had "no other contact with [Zales] to plead [her] case" and no investigation occurred.[3] (Doc. 20 at 2–3). Plaintiff, proceeding *pro se*, initiated this

---

[1] Plaintiff originally named "Signet Jewelers" as the sole defendant in her original complaint (Doc. 1), but now names only "Zales Corporation" in her amended complaint (Doc. 14). Signet Jewelers' Motion to Dismiss Plaintiff's First Complaint is moot.

[2] Plaintiff incorrectly named Defendant as "Zales Corporation" instead of its legal name "Zale Corporation." (The confusion, however, is understandable given that the corporation markets itself as "Zales." *See, e.g.,* www.zales.com.)

[3] This allegation along with the fact Plaintiff had been fired *over the phone*, are not found in the Amended Complaint, only in Plaintiff's opposition to the motion to dismiss. The Court does not consider those allegations for purposes of the motion but includes them in the background section for clarity. *See Malone v. Securitas Sec. Servs.*, No. 13 C 8747, 2015 U.S. Dist. LEXIS 117529, at *4 (N.D. Ill. Sept. 3, 2015) ("Plaintiff may not attempt to cure deficiencies inherent in a complaint by asserting new facts for the first time in opposition to a motion to dismiss.") (citing *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) (stating same); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (stating same)).

action using the Court's template complaint form. Plaintiff filed the instant Amended Complaint five months after filing her original complaint without first seeking leave of court. *See* Fed. R. Civ. P. 15(a)(1)–(2).

I. **DISCUSSION**

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must state "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* The claim to relief must be "plausible on its face" and "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted); *Twombly*, 550 U.S. at 555 (quotation omitted) (cleaned up). "Where a complaint pleads facts that are merely consistent with a defendant's liability," its claim to relief falls short of plausibility. *Ashcroft*, 556 U.S. at 678 (quotation omitted). In other words, the complaint "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Complaints filed *pro se* are liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but are not excused from Rule 8(a)'s pleading requirements. *See Pearle Vision, Inc. v. Room*, 541 F.3d 751, 758 (7th Cir. 2008) (citing *McNeal v. United States*, 508 U.S. 106, 113 (1993)).

> The Amended Complaint's factual allegations consist only of the following:
>
> I have a great attendance at this company and have worked as a sales associate while being able to do multiple tasks. I have assisted the company as interim manage [sic] lot of time and doing their role. For the interim district manager coming in for the short time that she did and aledged [sic]

> that I took an sellable item from the store is just wrong. The date of this alegded [sic] action supposely [sic] happened on around July 19 or 20th. . . . I am emotional and not understanding how this could take place at a company I have been with for 27 years and 8 months without no explanation how my character can be damaged in a wrongfully situation as it has occurred. I find it difficult to engaged [sic] in a working environment knowing I did my job with this company 100% at my most.

(Doc. 14 at 4). Plaintiff's allegations do not provide fair notice of what legal claim(s) Plaintiff pursues against Zales,[4] nor do they provide enough detail to "present a story that holds together." *Swanson*, 614 F.3d at 404; *see also Stuckey v. Hous. Auth. of Cook*, No. 16-cv-3443, 2017 U.S. Dist. LEXIS 234084, at *5 (N.D. Ill. Sept. 18, 2017) (citing *Killebrew v. St. Vincent Health, Inc.*, 295 F. App'x 808, 810 (7th Cir. 2008)) ("A *pro se* complaint still must provide fair notice of the plaintiff's claims and at least suggest a plausible right to relief."). It appears Plaintiff tried to explain that she was wrongfully terminated from her job in some way but failed to provide the asserted claim to relief or even what purportedly happened. *See Swanson*, 614 F.3d at 403–04 ("[A] plaintiff must do better than putting a few words on paper that . . . *might* suggest that something has happened to her that *might* be redressed by the law."). Therefore, Plaintiff's Amended Complaint is dismissed as deficient.

## II.   CONCLUSION

Based on the foregoing reasons, Defendant Zale Corporation's Motion to Dismiss (Doc. 18) is GRANTED in part and DENIED in part. Defendant Signet Jewelers' Motion

---

[4] The original complaint stated that Plaintiff was wrongfully terminated on a retaliatory basis by the district manager, but did not allege, for example, the reason for the retaliation. At any rate, those allegations are not asserted here.

to Dismiss (Doc. 8) is DENIED as MOOT. Plaintiff's Amended Complaint (Doc. 14) is dismissed without prejudice. Plaintiff is granted leave to refile a second amended complaint that cures pleading deficiencies within 21 days of this Order. The Clerk is directed to change the Defendant's name from "Zales Corporation" to "Zale Corporation."

ENTER: December 10, 2025

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE