E-FILED
Thursday, 19 March, 2026  03:33:34 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

MELYNDA ANN HOOD,　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)　　　　Case No. 25-cv-3050
　　　　　　　　　　　　　　　　　　　)
ZALE CORPORATION,　　　　　　　　　　)
　　　　Defendant.　　　　　　　　　　　)

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendant Zale Corporation's Motion to Dismiss Plaintiff's
Second Amended Complaint. (Doc. 26). For the reasons that follow, Defendant's Motion
is granted.

## I.　　BACKGROUND

On February 24, 2025, Plaintiff, proceeding *pro se*, brought this action premised on
her alleged wrongful termination from her employment with Zale Corporation ("Zale").
In her Second Amended Complaint, Plaintiff alleged the interim district manager at Zale
fired her because the manager incorrectly believed Plaintiff had stolen merchandise from
the store. (Doc. 25 at 9). The Court previously granted Defendant's Motion to Dismiss
with respect to Plaintiff's First Amended Complaint, finding Plaintiff failed to state a
recoverable claim based on similar allegations. (Doc. 24). Fed. R. Civ. P. 12(b)(6). Here,
the operative complaint asserts 1) a First Amendment violation, 2) defamation, and 3)
wrongful termination based on retaliation. To the extent Plaintiff attempted to plead any

additional claims in her response to the Motion, the Court will not consider those portions from the response because "the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Agnew v. NCAA*, 683 F.3d 328, 348 (7th Cir. 2012) (quotation omitted).

## II.   DISCUSSION

### A.  Legal Standard

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must state "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* The claim to relief must be "plausible on its face" and "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted); *Twombly*, 550 U.S. at 555 (quotation omitted) (cleaned up). "Where a complaint pleads facts that are merely consistent with a defendant's liability," its claim to relief falls short of plausibility. *Iqbal*, 556 U.S. at 678 (quotation omitted). In other words, the complaint "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Complaints filed *pro se* are liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but are not excused from Rule 8(a)'s pleading requirements. *See Pearle Vision, Inc. v. Room*, 541 F.3d 751, 758 (7th Cir. 2008) (citing *McNeal v. United States*, 508 U.S. 106, 113 (1993)).

## B. First Amendment

Plaintiff contends she had a First Amendment right to explain her side of the story to Zale before her employment was terminated. But the First Amendment's guarantee of free speech only guards against infringement by the government, not corporations. *Hudgens v. NLRB*, 424 U.S. 507, 513 (1976). Therefore, Plaintiff's First Amendment claim is dismissed.

## C. Defamation

Plaintiff alleges she was defamed when the interim district manager accused her of stealing merchandise during a telephone call on July 27, 2023. (Doc. 25). In her response to the instant Motion to Dismiss, Plaintiff added:

> I had a third party I had to talked [sic] to. The employment office was the third party for my defamation of character. I knew these people where I had to go to for my employment pay, [i]t was embarrassing. They had to (unemployment office) had to [sic] interview me to determine if I was eligible for paid [sic].

(Doc. 28). As previously noted, "the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Agnew*, 683 F.3d at 348 (quotation omitted). Even with Plaintiff's new allegations, she still fails to state a recoverable defamation claim. Defamation is governed by state law, and the statute of limitations in Illinois for defamation actions is one year.[1] 735 ILCS 5/13-201; *see also Bd. of Forensic Document Exam'rs, Inc. v. ABA*, 922 F.3d 827, 831 (7th Cir. 2019) (applying Illinois law to defamation claim). Here, the claim is alleged to have accrued on July 27, 2023 (Doc. 25), and Plaintiff

---

[1] "When no party raises the choice of law issue, the federal court may simply apply the forum state's substantive law." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014).

initiated this action on February 24, 2025. Therefore, Plaintiff's alleged defamation claim is barred by the statute of limitations period. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) (citation omitted) ("[I]f a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground.").

Notwithstanding the timing, Plaintiff's Complaint does not state a claim for defamation. Illinois requires a plaintiff, in part, to show "that the defendant made an unprivileged publication of [a false] statement to a third party[.]" *Green v. Rogers*, 234 Ill.2d 478, 491 (2009) (citation omitted). A plaintiff cannot establish the publication requirement merely by disclosing the statement herself. *Olivieri v. Rodriguez*, 122 F.3d 406, 408 (7th Cir. 1997) (discussing "self-defamation"). Plaintiff's new allegation that she was forced to self-disclose the purported reason for her termination to a third party does not sufficiently allege a plausible right to relief for defamation.

### D. Retaliation

Plaintiff's third claim suggests she was terminated based on the interim district manager's retaliatory animus toward Plaintiff's superior knowledge about sales: "Knowing more about the <u>sales</u> aspect of the store than interim district manager . . . could have been intimidating and her action was retaliatory." (Doc. 25 at 11) (emphasis in original). In Plaintiff's response to the Motion to Dismiss, she adds: "[The manager] was reported to the HR department about the retail part of the company and she retaliated against me because I reported it." (Doc. 28 at 3).

Illinois recognizes "the limited and narrow tort of retaliatory discharge as an exception to the general rule of at-will employment." *Sullivan v. Progressive Cas. Ins. Co.*, No. 03 C 8487, 2004 U.S. Dist. LEXIS 14322, at *8 (N.D. Ill. July 26, 2004) (collecting cases); *see also Turner v. Mem'l Med. Ctr.*, 233 Ill. 2d 494, 500 (2009) (stating same). A plaintiff must allege they were discharged in retaliation for their activities, in which "the discharge violates a clear mandate of public policy." *Turner*, 233 Ill. 2d at 500. While a "clear mandate of public policy" has "no precise definition," "retaliatory discharge actions have been allowed in two settings: where an employee is discharged for filing, or in anticipation of filing, a claim under the Workers' Compensation Act (820 ILCS 305/1 *et seq.*); or where an employee is discharged in retaliation for the reporting of illegal or improper conduct, otherwise known as 'whistleblowing.'" *Michael v. Precision Alliance Group, LLC*, 2014 IL 117376, ¶ 30 (citation omitted).

Here, the Second Amended Complaint's allegation that Plaintiff was retaliated against because the manager "could have been" intimidated by her superior sales knowledge—putting aside the speculation—does not identify a clear mandate of public policy under Illinois law. The new, additional allegation in her response is also factually and legally deficient. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

Page 5 of 6

## III.    CONCLUSION

Accordingly, Defendant's Motion to Dismiss (Doc. 26) is GRANTED. Plaintiff's Second Amended Complaint is DISMISSED without prejudice. If Plaintiff believes she can revise her pleading to state a cause of action, she is granted leave to file a third amended complaint within 21 days from the entry of this Order. The Court does not accept piecemeal amendments. Plaintiff's third amended complaint must stand independently without reference to her prior filings and must contain the totality of Plaintiff's claims, including the sufficient factual allegations to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Failure to do so will result in dismissal of this case with prejudice.

ENTER: 3/19/2026

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE